IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-48,523-07






EX PARTE CHRISTOPHER COLEMAN









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

FROM CAUSE NO. 735351 IN THE 209TH JUDICIAL DISTRICT COURT

HARRIS COUNTY




 Per Curiam.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In June 1997, a jury found applicant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Coleman v. State, No. AP-72,895 (Tex. Crim. App. May, 5, 1999)(not designated for publication). Applicant filed his
initial post-conviction application for writ of habeas corpus in the trial court in December
1998. This Court denied relief. Ex parte Coleman, No. WR-48,523-01 (Tex. Crim. App.
Apr. 18, 2001)(not designated for publication). Applicant's first subsequent application was
filed in the trial court on March 15, 2002. This Court determined that the application did not
meet the requirements of Article 11.071, § 5, and dismissed it. Ex parte Coleman, No. WR-48,523-02 (Tex. Crim. App. Sept. 11, 2002)(not designated for publication). The Court also
determined that applicant's second and third subsequent writ applications failed to meet the
requirements of Article 11.071, § 5, and dismissed them. Ex parte Coleman, Nos. WR-48,523-03 and WR-48,523-04 (Tex. Crim. App. Oct. 10, 2007, and Mar. 18, 2009,
respectively)(neither designated for publication). Applicant has now filed his fourth
subsequent writ application in the trial court.

 Applicant presents a single allegation in his application in which he asserts that the
State suppressed critical impeachment evidence against witness Elsie Prado in violation of
Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1970). 
We have reviewed the application and find that his allegation fails to satisfy the requirements
of Article 11.071, § 5. Accordingly, applicant's application is dismissed. 

 IT IS SO ORDERED THIS THE 18TH DAY OF SEPTEMBER, 2009.


Do Not Publish